## RICE v. COVEY ET AL.

1. **Judgment:** LIEN: STIPULATION. A stipulation between the parties to an action of foreclosure, for the entry of judgment and stay of execution, construed and held not to deprive the plaintiff of the benefit of the mortgage lien.

*Appeal from Howard Circuit Court.*

THURSDAY, JUNE 17.

THE plaintiff held a promissory note, which was executed by the defendant J. R. Covey, and which drew interest at the rate of ten per cent.   The note was secured by mortgage upon certain real estate, which was executed by both of the

defendants. An action was commenced for judgment on the note, and a decree foreclosing the mortgage. A reasonable attorney's fee was also demanded, which was provided for in the note.

The defendant J. R. Covey filed an answer in which he averred that the note was tainted with usury to a certain extent, and also that he had delivered to the plaintiff a certain note for $40 upon another party, which plaintiff agreed to collect and apply on the note sued on, and that plaintiff had converted said note to his own use. The plaintiff, by a reply, took issue upon the averments of the answer. The cause was thus pending for trial in the court below, and during a term of said court, and on the 8th day of March, 1879, the parties executed and filed in said court the following stipulation:

"It is agreed by and between the parties hereto:

"1. That the defendant's answer in this cause shall be withdrawn, and plaintiff to take judgment for the amount of note, with ten per cent interest.

"2. That in consideration thereof, execution on said judgment shall be stayed for two years, upon condition that said defendant shall file a stay-bond with clerk of court, staying said judgment for said time, and plaintiff agrees to accept such surety on said bond as defendant may select. No personal judgment against surety; 30 days to file bond."

On the same day the court entered a judgment for the amount of the note, interest and costs. On the 14th day of March, 1879, it still being of the March term of said court, the plaintiff orally moved that a decree be entered foreclosing the mortgage. The motion was sustained, and a decree of foreclosure was entered in the usual form. No attorney's fees were allowed to the plaintiff. The defendants excepted to the decree of foreclosure, and they appeal therefrom.

*Henry Widner* and *H. C. McCarty*, for appellants.

*Barker Bros.*, for appellee.

ROTHROCK, J.—The defense to the action was but partial. The single question presented by the pleading was the amount which the plaintiff was entitled to recover. The answer raised no issue as to the right of the plaintiff to a decree of foreclosure for whatever amount might be due. By the stipulation, the answer was withdrawn, and the plaintiff was allowed to take judgment for the full amount of the note, interest and costs. Time was extended for two years upon condition that a stay-bond should be filed. This could have been for no other purpose than to prevent a redemption from any sale which it might be necessary to make after the two years. Code, Sec. 3102. That such was the intention is evident from the fact that the defendant was given the right to select the surety, against whom there was to be no judgment. If the appellant's construction of the stipulation is correct, the plaintiff gave up his mortgage lien and agreed to withhold execution for two years without any security. All that was required was that the name of some one should be used as surety, but without any liability against him. We do not think the stipulation will bear the construction claimed by appellant. By its terms it does not purport to adjust and settle the lien of the mortgage. If some other lien had been substituted it might, with propriety, be said that the mortgage lien was by implication superseded by the new lien. But no new lien was created, unless it may be the general lien of the judgment upon the defendant's real estate. That the parties did not contemplate that such a lien would be of any avail, must, we think, be conceded. Indeed, if the judgment was good without a decree of foreclosure, it is not likely the plaintiff would have insisted on the decree, nor that defendant would be here resisting it. We see nothing in this stipulation which, fairly interpreted, implies that the parties intended that the lien of the mortgage should be waived, and we think the court below correctly held that it was not superseded by the stipulation. Of course the decree should be in accord with the stipulation,

*1. JUDGMENT: lien: stipulation.*

and we suppose it did provide that execution should not issue for two years, in case a stay-bond should be filed, as provided in the stipulation.

This disposition of the case renders a decision upon the motion to strike appellee's abstract from the files unnecessary.

AFFIRMED.